UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHARON HART,  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration,  )<br>    Defendant.  ) | CAUSE NO.: 2:20-CV-380-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Sharon Hart on October 22, 2020, and Plaintiff's Opening Brief [DE 22], filed June 14, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 28, 2021, the Commissioner filed a response, and on August 11, 2021, Plaintiff filed a reply.

**I.    Procedural Background**

On June 25, 2018, Plaintiff filed an application for benefits alleging that she became disabled beginning January 1, 2015. Plaintiff's application was denied initially and upon reconsideration. On July 23, 2019, Administrative Law Judge ("ALJ") Robert Long held a hearing at which Plaintiff, along with an attorney, and a vocational expert testified. On December 19, 2019, the ALJ issued a decision finding that Plaintiff was not disabled

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2015, through her date last insured of December 31, 2015.

    3.      Through the date last insured, the claimant had the following medically determinable impairments: hypertension and tremors.

    4.      Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.

    5.      The claimant was not under as disability, as defined in the Social Security Act, at any time from January 1, 2015, the alleged onset date, through December 31, 2015, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.    Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001)

("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**IIIV. Analysis**

Plaintiff argues that the ALJ erred in finding that Plaintiff did not suffer from any severe impairments at step two of his analysis. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Step Two asks whether the claimant has an impairment or combination of impairments that are severe. If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004). "When a claimant produces evidence of an impairment, a determination of non-disability at step two is proper only when the medical evidence 'establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" *Wolms v. Barnhart*, 71 F. App'x 579, 581 (7th Cir. 2003) (quoting *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir.1986)). "When evaluating the severity of an impairment, the ALJ assesses its functionally limiting effects by evaluating the objective medical evidence and the claimant's statements and other evidence regarding the intensity, persistence, and limiting effects of the symptoms." *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016). The ALJ's severity determination at Step Two is "a threshold requirement," *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010) (quotation omitted), or "'a *de minimis* screening for groundless claims' intended to exclude slight

abnormalities that only minimally impact a claimant's basic activities." *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) (quoting *Thomas*, 826 F. 3d at 960). The claimant bears the burden of proving steps one through four, but the ALJ's Step Two analysis must be supported by substantial evidence. *Garmon v. Apfel*, 210 F.3d 374 (7th Cir. 2000); *Zurawski*, 245 F.3d at 886.

In this case, the ALJ identified the medically determinable impairments of hypertension and tremors but concluded that they did not "have more than a minimal effect or necessitate specific limitation" on Plaintiff's ability to do work. He primarily based the determination on a medical examination performed in July 2015 at which the physician noted bilateral pronator motor drift and tremors, with no report of diminished dexterity and no assigned limitation or accommodation.

Plaintiff argues that the ALJ erred in failing to consider the medical evidence together with Plaintiff's subjective complaints in reaching his Step Two conclusion. The Commissioner points out that Plaintiff refers to rescinded regulations in support of her argument and argues that the ALJ's assessment of Plaintiff's subjective complaints is in compliance with the applicable regulations.

When determining a claimant's subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the factors listed in 20 C.F.R. § 416.929(c)(3). In this case, the ALJ considered and discussed Plaintiff's reports of her symptoms as well as the objective medical

5

evidence and other evidence in the record. He specifically addressed both her hypertension and the evidence of her tremors, including the single medical record about her tremors from the relevant time period. Plaintiff argues that the ALJ did not consider her reasons for not seeking treatment prior to July 2015, including her lack of insurance. "[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, [the ALJ] may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record, but as part of that analysis the ALJ is required to "consider[] possible reasons [the claimant] may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017). Plaintiff testified at the hearing that she had some issues with insurance paying for some medications, and the records indicate that at some point prior to August 2016 she lost her health insurance. Although the ALJ mentioned the sparse record of treatment in his analysis, the ALJ based his determination of Plaintiff's functional limitations on the report of her treating physician, who did not indicate limitations or accommodations and whose examination notes did not identify her motor strength, sensory abilities, or dexterity as abnormal. He did not discount her allegations based on failure to obtain medications.

      Plaintiff argues that the bilateral pronator drift in her arms and resting tremors in her head and neck precluded her from lifting and carrying at some point prior to the date last insured, but as the Commissioner argues, the medical evidence in the record do not contain any specificity as to the severity of the tremors or any report of any other deficits such as loss of strength or manipulative ability, and did not indicate that Plaintiff had any work-related limitations as of July

6

2015. The only evidence that Plaintiff's tremors affected her ability to work is some of her testimony that she did not do dishes, that she got headaches from the tremors, and that she did not think that in August of 2015 she would have been able to lift or carry 20 pounds on a regular basis. The ALJ found the claimed limitations on lifting and carrying to be not entirely credible because they are unsupported by contemporaneous medical records, which show no imitations on work-related abilities, and that determination is supported by substantial evidence. *See Parker v. Colvin*, 660 F. App'x 478, 483 (7th Cir. 2016), *Roddy,* 705 F.3d at 636. The Court concludes that the ALJ did not err in finding Plaintiff's impairments to be non-severe during the time period at issue.

## V.    Conclusion

Based on the foregoing, the Court hereby **DENIES** the relief requested in Plaintiff's Opening Brief [DE 22] and **AFFIRMS** the Commissioner of Social Security's final decision.

SO ORDERED this 1st day of March, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record